# Fisher *versus* Ball et al.

1. Where evidence is offered to prove matters growing out of the dealings of the parties, and which was part of the *res gestæ*, it is admissible under the plea of non assumpsit without notice of special matter.

2. A. was authorized by B. to sell mowers and reapers at a certain point. Sales at that point proving unsuccessful, B. directed A. to reship the machines to other points. In an action on a book-account by B. against A., to recover a balance due, A., under the plea of non-assumpsit, and without having given notice of special matter, offered to prove that all machines not accounted for had been reshipped under orders from B., and that a proper statement of the account would show a balance in favor of A. : *Held*, reversing the court below, that the evidence was admissible.

March 3d 1880. Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. MERCUR and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Berks county:* Of January Term 1880, No. 9.

Assumpsit by E. Ball & Co. against Peter W. Fisher, to recover a balance alleged to be due on a book account.

[Fisher *v.* Ball.]

The defendant pleaded non assumpsit, payment with leave, &c.

It appeared that in 1867, the plaintiffs entered into a contract with defendant to act as their agent for the sale of mowers and reapers at Topton in Berks county, and a number of machines were forwarded to Fisher for sale. The agency at Topton not proving successful, machines were re-shipped by the defendant to different places, as plaintiffs from time to time directed. In 1871, the general agent of the firm of Ball & Co., was sent to make a settlement with Fisher, and to close up the business with him. A settlement could not be effected, and the plaintiffs brought this suit. The plaintiffs admitted that Fisher had made re-shipments, but still claimed that defendant was indebted to the firm in the sum of $301.44. The defendant then offered to prove, that " one machine, for which the defendant is charged $247.50, shipped to Lewisburgh, August 24th 1869, and a raker attachment for which he is charged $67.50, shipped April 9th 1873, to plaintiffs at Canton, Ohio, were shipped by plaintiffs' order; that he is entitled to credit for said machine and raker attachment of $315, and that he is not allowed such credit in plaintiffs' claim, and that by such allowance the plaintiffs will fall in defendant's debt."

The plaintiffs objected: 1. Because the defendant's counsel having received notice of special matter, under our rules of court on March 28th 1879, and not having furnished the plaintiffs a specification in accordance with said rules, this evidence cannot be admitted under the plea of non assumpsit alone. 2. The plea of defalcation having been entered April 28th 1879, after the time had expired for furnishing a specification in accordance with the notice aforesaid, this evidence cannot be admitted under the plea of defalcation.

The court, Sassaman, A. L. J., rejected the offer, saying : " The pleas in this case were non assumpsit, and payment with leave to alter and amend. The plaintiffs, on March 28th 1879, served notice under our rule of court 24th, sect. 9th, to furnish notice of special matter under the plea of ' leave ' within twenty days from service. This was not done, and on April 28th 1879, defendant adds this plea of defalcation, without serving specifications of special matter to be offered in defence. We do not think that under the pleadings as they stand now, when taken together, that such evidence is admissible."

The rule of court (rule 24th, sect. 9th) is as follows :

" When there is leave, under a general plea, to give the special matter, fraud, want of consideration, particular payment or defalcation, in evidence, or the defendant pleads set-off and does not set forth the matter specially in his plea, or pleads the general issue with leave to justify a specification in writing of the special matter, fraud, want of consideration, payment, defalcation or set-off, or the particular matters on which he intends to rely in justification, if

[Fisher *v.* Ball.]

demanded in writing, shall be given to the plaintiffs within twenty days after such demand, otherwise no evidence shall be admitted of a special matter hereby required to be specified."

Verdict for plaintiffs, and after judgment defendant took this writ and alleged, inter alia, that the court erred in rejecting his offer of evidence.

*H. H. Schwartz* and *A. G. Green*, for plaintiff in error.— What was offered to be proved was not special matter, but facts growing immediately out of the dealings of the parties. It was part of the *res gestæ.* The plaintiffs had ordered the shipment of the goods. The defendant had complied, and offered to show this by way of defence. It was clearly evidence under the general issue plea of non assumpsit : Moyer's Adm'rs *v.* Fisher, 12 Harris 515 ; Covely *v.* Fox, 1 Jones 174 ; Hobson *v.* Croft, 9 Barr 364 ; Irwin *v.* Leibert, 5 W..& S. 105 ; Beals *v.* See, 10 Barr 59 ; Gaw *v.* Wolcott, 10 Id. 43.

*William P. Bard* and *Horace A. Yundt*, for defendants in error.—The pleas in this case are : February 5th 1879, defendant pleads non assumpsit, and payment with leave to alter, amend, &c. April 28th 1879, defendant adds the plea of defalcation.

The first is a common form of plea in our court, and the words "with leave, &c.," have always been taken to mean "with leave to give special matter in evidence." This is the interpretation put upon these words, and is in accordance with the practice that prevails in our court.

This suit having been brought on November 1st 1872, the alleged shipment of the raker was after the bringing of the suit and therefore not admissible in evidence. The evidence was offered as a whole and rejected as a whole.

Mr. Justice PAXSON delivered the opinion of the court, May 3d 1880.

The court below rejected the offer of evidence embraced in the first assignment, upon the ground that no notice had been given of special matter. The offer was made under the plea of non assumpsit, and no other objection was made to its admission. The evidence was clearly relevant, and required no notice of special matter. It referred to matters growing out of the dealings of the parties, and was part of the *res gestæ.* The defendant stood charged with a certain number of mowers and reapers sent to him by the plaintiffs for sale upon commission. The defence was that all of the machines not sold and accounted for, had been reshipped upon the order of plaintiffs. This was a good defence if made out, and the rejected evidence tended to prove it. We think it was admissible under the plea of non assumpsit. This is a

[Fisher *v.* Ball.]

very broad plea, and by it the defendant puts his antagonist upon proving his whole case, and entitles himself to give in evidence anything which shows that, at the time the action was commenced, the plaintiff, *ex æquo et bono*, ought not to recover: Gaw *v.* Wolcott, 10 Barr 43; Beals *v.* See, Id. 56. Nor do we think it material that the offer referred to one machine that had been reshipped since the commencement of the suit. It appears, by the statement of the plaintiffs, that upon the trial a credit was given for certain machines shipped since suit brought, and no objection was made below to the admission of the evidence upon this ground.

The evidence referred to in the second and third assignments was properly rejected. It would have been competent to show the articles were shipped. But the evidence offered did not amount to such proof. The mere production of the books of the railroad company, with the shipper's receipt, did not prove a shipment. They might have been made evidence, if the shipping clerk or other proper person, had been called for that purpose. But standing alone, and unsupported and unexplained, they were not of themselves competent to affect third parties.

Judgment reversed, and a *venire facias de novo* awarded.